UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff ) | No. 08 CR 113 |
| ) | |
| v. ) | Judge Blanche M. Manning |
| ) | |
| ) | |
| CANDIS FAYE HALL, ) | |
| Defendant ) | |

## CANDIS FAYE HALL'S SENTENCING MEMORANDUM

Now comes the Defendant, CANDIS FAYE HALL, by and through her attorney, Charles J. Aron, and files with this Honorable Court, the following Sentencing Memorandum.

### INTRODUCTION

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely v. Washington, 124 S. Ct. 2531(2004), applied to the federal sentencing guidelines, and that the Sixth Amendment's jury trial guarantee prevented judges from fact-finding that exposed a defendant to increased prison time. As a remedy, a different majority of the Court, excised the provision of The Sentencing Reform Act that made the guidelines mandatory, 18 U.S.C. § 3553(b).

The remedial majority held that the district courts must consider the guideline range, 18 U.S.C. § 3553(a), (4) and (5), but must also consider the other directives set forth in § 3553(a). Section 3553(a) requires courts to

"impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph 2."

As the Court later stated in <u>Gall v. United States</u>, 128 S. Ct. 586 (2007), citing <u>Rita v. United States</u>, 127 S. Ct. 2546 (2007), "The Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party."

Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2."

Section 3553(a)(2) states that such purposes are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs courts to consider, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available, the need to avoid unwanted sentencing

disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. In sum, in every case courts must now consider all of the § 3553 factors, not just the guideline.

The following discusses a number of factors which the Court should consider in rendering its sentence. These are highlights of facts contained in the Pre Sentence Report, in which Candis Hall has found no substantive mistakes.

## SERIOUSNESS OF THE OFFENSE

As acknowledged, both in her plea agreement as well in her interview with the Probation Officer, Candis Hall received $45,833 in Pell Grants and federally insured educational loans for which she was not eligible. She acknowledged the seriousness of this offense and acknowledged that she was not entitled to those funds.

## HISTORY AND CHARACTER

Candis Hall's history and character weigh heavily in her favor. She is a 47 year old single parent of 3 children, ages 28 - 21, all of whom reside outside of her home. One of her children is bipolar and homeless, and from time to time, Ms. Hall has her granddaughter residing with her. She also helped raise her sister's children, as her sister had been using illegal substances. With the exception of the instant case, and two minor traffic offenses, she has never been arrested for a criminal offense. She is presently employed on a full time basis, at Midas International, located in Itasca, Illinois. She does not use alcohol or illegal

substances.

Ms. Hall obtained her GED at Malcom X College and received an associates degree from DeVry Institute of Technology in 1990 and a bachelor of science degree, also from DeVry Institute in 2006. It was while obtaining these degrees that Ms. Hall first obtained the loans that she defaulted on and, later, the financial aid that is the subject of the matter which is now before this Honorable Court.

Ms. Hall's childhood can charitably be described as one of abuse and neglect. She described her care from her mother and "several fathers" as being, "not really well taken care of." She described her childhood as "stressful" and "scary", due to the abuse she and her siblings received at the hands of her mother's many paramours. She reported her marriage ended when she discovered her husband had "another family" and was using heroin and being verbally abusive to Ms. Hall.

Ms. Hall, in addition to maintaining a legal full-time job, is an active church goer and "gives back" to the community. As evidenced by letters submitted to the Probation Officer, Ms. Hall volunteers at least 10 hours per week to the Perseverance Ministries and 20 hours per month to the Shirley Hudson Ministries. Her work includes facilitating a women's group, cooking for the homeless, being a mentor to troubled youth, and assisting senior citizens with their everyday needs. If this Honorable Court deems it appropriate, it is humbly suggested that this community service be maintained and continued as a condition of probation.

## DETERRENCE AND PROTECTION
## OF PUBLIC FROM FURTHER CRIMES

Candis Hall is not a danger to society. Her background demonstrates that her participation in this matter was based on financial desperation. The money did not go to buy an automobile or drugs, or to live a fancy lifestyle - it went to pay for an education to enable Ms. Hall and her children to climb out of poverty. It is highly unlikely she will do anything like this again. Ms. Hall, in her Defendant's Version acknowledges that although her behavior was possibly understandable due to her financial situation, it was just plain wrong.

## GUIDELINE CALCULATIONS

**Advisory Guideline Calculation**

| | |
|---|---|
| Base Level | 6 |
| Loss amount | 6 |
| Acceptance of Responsibility | (2) |
| Net Offense Level | 10 |

## THE APPROPRIATENESS OF A SENTENCE OF
## "STRAIGHT" PROBATION

Candis Hall is an appropriate candidate for a sentence of probation, without any imprisonment. Although the advisory sentencing guidelines place Ms. Hall in "Zone B" (due to the loss amount), adding a term of incarceration to a period of probation would be a punishment that is greater than necessary to comply with the purposes set forth in Section 3553(a)(2).

Her lack of criminal background, prompt acceptance of responsibility, attempt to make a good life for herself at Midas International, as well as her

service to the community (begun prior to the filing of charges in this matter), make Candis Hall the type of person that Probation was designed to service. Further, a sentence of straight probation would allow Ms. Hall a better opportunity to make the agreed upon restitution as noted in the plea agreement and the presentence report.

In rendering sentence in this matter, it is appropriate to look to the District Court's opinion in U.S. v. Gall, 747 F. Supp. 2d 758 (S.D. Iowa 2005).

In this matter, which eventually found its way to the United States Supreme Court and is cited earlier in this memorandum, the Court reminded the defendant (and others) that "probation is not an act of leniency. Probation is a substantial restriction of freedom, it is not forgiveness, and it is not an endorsement of the offense. The Defendant will have to comply with strict reporting conditions along with a three-year regime of alcohol and drug testing. He will not be able to change or make decisions about significant circumstances in his life, such as where to live or work, which are prized liberty interests, without first seeking authorization from his Probation Officer or perhaps, even the Court. Of course, the defendant always faces the harsh consequences that await if he violates the conditions of his probationary term." 374 F. Supp. 2d at 763. (internal quotations and citation omitted)

The District Court also pointed out that, "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real

conduct and circumstances involved in sentencing." 374 F. Supp. 2d at 763-74

## CONCLUSION

For all of the above stated reasons, it is the prayer of the Defendant, Candis Hall, that this Honorable Court consider all of the factors of § 18 USC 3553, and sentence the Defendant, Candis Hall, to a period of probation with a condition of that probation that she make the agreed upon restitution and continue with her already active community service.

Respectfully Submitted,


   s/                     
CHARLES J. ARON
Attorney for Candis Hall


Charles J. Aron
19 West Jackson Blvd.
Suite 212
Chicago, Illinois 60604
(312) 986-8012